MARITIME MANUFACTURERS, INC., APPELLEE, *v.* HI-SKIPPER MARINA ET AL., APPELLANTS.

(No. 81-1277—Decided June 23, 1982.)

*Messrs. Chattman, Moss, Chattman, Garfield &
Friedlander* and *Mr. Douglas J. Paul,* for appellee.
*Direnfeld & Greene Co., L.P.A., Mr. Bernard B. Direnfeld*
and *Mr. Douglas C. Blackburn,* for appellants.

*Per Curiam.* The sole issue presented by this appeal is
whether the Court of Appeals lacked jurisdiction to hear the
appeal because the notice of appeal mistakenly specified that
the appeal was taken from the order denying the motion for
new trial rather than from the final judgment entered on the
merits.

The Court of Appeals reasoned that it was without juris-
diction to consider this appeal since appellants' notice of ap-
peal improperly designated the judgment appealed from and
thus violated App. R. 3. In pertinent part, App. R. 3(C) pro-
vides that " * * * [t]he notice of appeal shall * * * designate
the judgment, order or part thereof appealed from * * * ."
This strict construction of App. R. 3(C) by the Court of Ap-
peals is, however, inconsistent with the general attitude taken
by this court toward the construction of procedural rules, case
law of Ohio, the purpose underlying the notice of appeal re-
quirement, as well as with the position of the United States
Supreme Court.

This court has long recognized that, in construing the
Rules of Appellate Procedure, the law favors and protects the
right of appeal and that a liberal construction of the rules is re-
quired in order to promote the objects of the Appellate Pro-
cedure Act and to assist the parties in obtaining justice. *In re
Guardianship of Love* (1969), 19 Ohio St. 2d 111, 115. See,
also, *In re Guardianship of Wisner* (1947), 148 Ohio St. 31,
34-35. "* * * The legislative purpose throughout the act was
obviously to liberalize procedure upon appeals and to prevent
technicalities from being fatal to substantive rights." *Couk* v.
*Ocean Accident & Guar. Corp., Ltd.* (1941), 138 Ohio St. 110,
115.

An examination of the prior decisions of this court reveals
that this court has consistently adhered to the policy of exer-
cising all proper means to prevent the loss of valuable rights
when the validity of a notice of appeal is challenged solely on

technical, procedural grounds.[1] For example, in *Couk* v. *Ocean Accident & Guar. Corp., Ltd., supra,* this court upheld the refusal to dismiss an appeal where the notice of appeal contained a defect in that the judgment appealed from was given an erroneous date. See, also, *Mosey* v. *Hiestand* (1941), 138 Ohio St. 249. And, an amendment of the notice of appeal to include an order not mentioned in the original form of the notice was permitted by this court in *Richards* v. *Indus. Comm.* (1955), 163 Ohio St. 439.[2] In reaching these results, this court has emphasized that the rules must be construed in light of the purpose to which they are to serve.

The purpose of a notice of appeal, as stated in *Capital Loan & Savings Co.* v. *Biery* (1938), 134 Ohio St. 333, 339, is to "* * * apprise the opposite party of the taking of an appeal." "* * * If this is done beyond [the] danger of reasonable misunderstanding, the purpose of the notice of appeal is accomplished." *Couk* v. *Ocean Accident & Guar. Corp., supra,* at page 116. See, also, *Richards* v. *Indus. Comm., supra.*

In this spirit of liberal construction of procedural questions and in light of the policies underlying the notice of appeal requirement, this court must find that appellants have preserved their right to appeal. Although appellants' notice of appeal perhaps did not comply in a technical sense with App. R. 3(C), the notice nonetheless served the purpose intended. A careful review of the record in this case clearly indicates that neither the Court of Appeals nor the appellee can pretend that it was not fully advised by this notice of appeal of just what appellants were undertaking to appeal from.

By looking behind the form of the notice, it is obvious that the clear intent of the appellants was to appeal from the final judgment on the merits. The appeal, as evidenced by the assignments of error, attempted to probe, as did the motion for new trial, the validity of the judgment wherein appellants were denied recovery of damages of $30,000 against appellee for the manufacture and sale of an alleged unseaworthy boat. Indeed, both sides fully briefed the merits and orally argued

---

[1] Under App. R. 3(E), the Court of Appeals may, within its discretion and upon such terms as are just, allow the amendment of a timely filed notice of appeal.

[2] These cases construed R. C. 2505.05, or its predecessor, which is to the same effect as App. R. 3(C).

the same. Based on these factors, it is clear that the notice of appeal did not materially mislead the appellee. Under these circumstances, appellee was not prejudiced nor taken by surprise. Hence, this court holds that any mistake in appealing from the order denying the motion for new trial rather than from the judgment should be treated as harmless error and that the appeal should be treated as if arising from the final judgment.

Our holding today is also in accord with the approach taken by the United States Supreme Court. In *Foman* v. *Davis* (1962), 371 U. S. 178, the dismissal of an appeal because of the failure to specify in the notice of appeal that review was sought of the original judgment as well as the district court's denial of motions to vacate the judgment and amend the complaint was reversed. In so holding, the court stated, at pages 181-182, that:

"It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' *Conley* v. *Gibson,* 355 U. S. 41, 48. The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.' Rule 1."

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

W. BROWN, Acting C. J., REILLY, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

REILLY, J., of the Tenth Appellate District, sitting for CELEBREZZE, C. J.