JOURNAL ENTRY and OPINION
This case is before the court on appeal from a decision of the common pleas court granting summary judgment in favor of defendant-appellee LTV Steel Company, Inc. (LTV) on plaintiff-appellant's intentional tort claim. Plaintiff urges:
 I. THE LOWER COURT ERRED AS A MATTER OF LAW IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT PERSIST AS TO EACH OF THE THREE ELEMENTS OF THE FYFFE TEST.
 II. THE LOWER COURT ERRED AND ABUSED ITS DISCRETION IN DENYING PLAINTIFF DISCOVERY AS TO ACCIDENTS AT LTV INVOLVING OVERHEAD CRANES OTHER THAN THE BS-1.
 III. THE LOWER COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED PLAINTIFF'S SECOND MOTION FOR AN [SIC] REENACTMENT OF THIS FATALITY AND PLAINTIFF'S MOTION FOR RECONSIDERATION OF THAT RULING.
We find genuine issues of material fact precluded summary judgment in LTV's favor. Accordingly, we reverse and remand for further proceedings.
 FACTUAL AND PROCEDURAL HISTORY
Plaintiff filed her original complaint on December 12, 1997 and amended it two weeks later, before an answer was filed. A second amended complaint was then filed with leave of court on April 16, 1999. The second amended complaint alleges that plaintiff's decedent, Isaac Lawrence, was employed by the Central Maintenance and Planning Department at the LTV plant at 1555 Harvard Avenue, Cleveland, Ohio. On April 9, 1997, Lawrence died when a crane struck a 500- to 600-pound steel frame, causing it to fall over on him and crush his skull.
The complaint alleged that LTV knowingly allowed untrained or inadequately trained employees to operate cranes and failed to maintain and repair the crane at issue to keep it in safe operating condition. The complaint alleged that these constituted a dangerous process, procedure, instrumentality or condition within [LTV's] business operation. Furthermore, the complaint alleged that LTV knew that harm to employees was a substantial certainty, yet continued to require the decedent to work in the vicinity. The complaint sought compensatory and punitive damages for the decedent's wrongful death on behalf of his surviving spouse, children, parents, and other next of kin.
Discovery was conducted over an extended period of time, during which appellant filed at least four motions to compel. Two of these motions are at issue in this appeal and will be discussed further below.
LTV moved for summary judgment on December 10, 1999. Appellant filed her brief in opposition on December 23. The court granted LTV's motion in a half-sheet entry filed January 3, 2000, which stated:
 The court having examined all appropriate evidentiary material filed by the parties finds that there are no genuine issues of material fact and finds that deft LTV Steel Co. is entitled to judgment as a matter of law. Accordingly, deft LTV Steel Co. Inc's motion for summary judgment is granted. Final.
Appellant timely filed her notice of appeal on January 28, 2000.
The parties provided the trial court with extensive documentary evidence in connection with the summary judgment motion. This evidence shows that Ronald Buffington and Donald Dotson used the crane earlier on the same day the decedent was killed. Both reported that the hoist on the crane drifted, that is, it continued to move after they let go of a toggle switch, an action that should have stopped its movement. Terry Raffis was operating the crane when the decedent was killed. He denied that the crane was malfunctioning.
Raffis, the decedent and Donald Burton were all assigned to fabricate steel frames. Raffis was attempting to maneuver the crane into position to lift a frame they were working on when the hoist unexpectedly swung and dropped lower than Raffis intended, nicking the top of the frame. The hoist then swung back, pushing the frame over onto the decedent, who was on the ground below.
 After this incident, LTV was cited by the Occupational Safety and Health Administration for exposing employees to serious injury due to inadequate training of radio controlled crane operators.
 LAW AND ANALYSIS
Plaintiff-appellant first argues the court erred by granting summary judgment in favor of LTV. We review an order granting summary judgment de novo, applying the same standard applied by the trial court. Hillyer v. State Farm Mut. Auto Ins. Co. (1999), 131 Ohio St.3d 172, 175; Temple v. Wean United Inc. (1977), 50 Ohio St.2d 317, 327.
Summary judgment is proper where there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. The party seeking summary judgment bears the burden of showing that there is no genuine issue of material fact for trial. Doubts must be resolved in favor of the non-moving party. Celotex v. Catrett (1987),477 U.S. 317, 330; Dresher v. Burt (1996), 75 Ohio St.3d 280; Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
The complaint in this case asserts an intentional tort claim against LTV. To succeed on this claim, plaintiff-appellant must demonstrate, directly or through circumstantial evidence, that (1) LTV knew of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) LTV knew that harm to an employee would be substantially certain to occur if the employee were subjected to this danger by his employment; and (3) with this knowledge, LTV required the employee to continue to perform the dangerous task. Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus. The risk of harm must be relatively high to reach the level of a substantial certainty; mere negligence or recklessness is not enough. Id.,59 Ohio St.3d 115, at paragraph two of the syllabus.
Because [t]he plaintiff has the burden of proving by a preponderance of the evidence that the employer had `actual knowledge of the exact dangers which ultimately caused' injury, LTV claims plaintiffs here cannot succeed as a matter of law. Sanek v. Duracote Corp. (1989),43 Ohio St.3d 169, 172. LTV claims that Lawrence's injury was caused not by a dangerous process, procedure, instrumentality or condition within its business operation but by three factors of which LTV had no knowledge and over which it had no control: (a) the removal of a kicker from the base of the frame the decedent and his co-workers were constructing; (b) the decedent's position on the ground rather than on top of a table; and (c) the bumping of the frame with the crane hook.
This argument misses the mark. While the removal of the kicker and the location of the decedent might constitute contributory negligence by the decedent and/or his coworkers, contributory negligence is not a defense to an intentional tort claim. Cremeans v. Willmar Henderson Mfg. Co. (1991), 57 Ohio St.3d 145; Stump v. Industrial Steeplejack Co. (1995),104 Ohio App.3d 86, 94. Plaintiff need not prove that the dangerous condition was the only cause of injury; he must simply prove it was a proximate cause.
There is a genuine issue of fact as to why the crane hook bumped the frame. Though LTV attributes this event to the miscalculations of an experienced crane operator, there is evidence in the record from which a reasonable juror could conclude that the crane was malfunctioning. Ronald Buffington, who used the crane earlier that morning, reported that the hoist continued to descend after he released the toggle switch, which would normally stop it. He passed this information on to the next crane operator, Donald Dotson. In fact, when Buffington gave the crane over to Dotson, it would not respond to the remote controls at all. A supervisor, Gary Freeman, took the controls, and the crane began to work again. Freeman then gave the controls back to Dotson and told Dotson to go ahead and use it.
Dotson indicated that the crane was not responding evenly to the controls and that the hoist drifted. He said it took him some time to get used to the way it was functioning and to get control of it. Dotson turned the crane over to Terry Raffis, who was operating it when the decedent was killed.
This testimony, if believed, would demonstrate that the decedent's employer knew that the crane was not consistently responding to the controls on the day the decedent was killed. Given the hazardous activities performed with the cranes lifting heavy objects on a hook and moving them overhead a reasonable jury could find LTV knew that injury was substantially certain to occur to an employee required to work with the malfunctioning crane, or in the same vicinity.
Plaintiff need not demonstrate that LTV knew this precise accident would occur; therefore, LTV's arguments that it could not have known that the decedent would be positioned as he was, or that the kicker would be removed, are unavailing.
Finally, a reasonable jury could find that LTV required the decedent and his coworkers to use the malfunctioning crane. LTV denies it controlled the way the decedent and his coworkers performed their work of constructing the frame, but it unquestionably provided the crane for their use for this purpose. In fact, a supervisor instructed another employee to use the crane even though the supervisor knew it was malfunctioning. These facts create a genuine issue of fact for trial. Cf. Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482.
Therefore, the trial court erred by entering summary judgment for LTV. Consequently, we reverse the trial court's judgment and remand for trial.
In her second assignment of error, appellant claims the trial court abused its discretion by denying her discovery concerning prior crane accidents. The discovery request at issue was a part of appellant's third request for production of documents, which stated:
 3. Please produce any and all Documents which evidence, mention or pertain in any way to accidents, injuries, mishaps of every kind, nature, and descriptions [sic], occurring prior to the date of the Incident and occassioned [sic] by, or in connection with, the use or operation of any overhead remotecontrolled crane, other than the Crane, owned by or maintained on Premises owned by Defendant.
After appellant moved the court to compel LTV to respond to this request, LTV objected as follows:
 Objection. Request No. 3 is unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it calls for information protected by the attorney-client and/or work product privileges. Without waiving any objection, see documents previously produced.
Appellant then filed a supplemental brief with the trial court, arguing that prior accidents were relevant and it was not for LTV's counsel to decide what was reasonably calculated to lead to the discovery of admissible evidence. The trial court denied appellant's motion to compel.
Denial of appellant's motion was not an abuse of discretion. Appellant's request was extremely broad. For example, the request covered overhead cranes at other facilities owned by LTV, and it covered an indefinite period of time. Mishaps occurring years before this incident, and events at facilities other than the one involved here, are not reasonably calculated to lead to the discovery of admissible evidence of LTV's knowledge of the dangerous condition at issue here and the substantial certainty of harm. The second assignment of error is therefore overruled.
Finally, appellant argues the court abused its discretion by denying her discovery of a videotaped reenactment of the incident that killed the decedent. LTV asserts the court does not have jurisdiction to address this issue because appellant did not assign error to this ruling in her notice of appeal. In response, appellant has moved the court for leave to amend her notice of appeal.
Pursuant to App.R. 3(F), [t]he court of appeals within its discretion and upon such terms as are just may allow the amendment of a timely filed notice of appeal. There is no question that appellant timely filed her notice of appeal following the final judgment. This served to `apprise the opposite party of the taking of an appeal,' the primary function of the notice. Maritime Mfrs., Inc. v. Hi-Skipper Marina (1982),70 Ohio St.2d 257, 259 (quoting Capital Loan Savings Co. v. Biery [1938], 134 Ohio St. 333, 339).
Appellant should not be penalized for failing to list all of the pretrial rulings in which she claimed error, particularly when LTV was not prejudiced by that failure. Appellant's motion to amend her notice of appeal to include a claim of error in denying her motion to compel the videotape is therefore granted.
Nevertheless, we find the court did not abuse its discretion by denying this motion. There is no evidence in the record that appellant even requested production of the videotape. Her second motion to compel only recites that one of LTV's employees refused to answer questions about the reenactment in deposition. The employee refused to testify on the instruction of LTV's attorney, who objected that that matter was subject to attorney-client privilege.[1] A transcript of the relevant part of the deposition was not included with the motion; only one page is attached to a supplemental brief, and it does not include the complete exchange.
Appellant's supplemental brief before the trial court indicates that LTV refused to provide appellant with the videotape, but there is no evidence of either the request or the refusal. Therefore, appellant failed to provide the trial court with the evidence needed to evaluate appellant's motion, and the court did not abuse its discretion by denying the motion to compel.
For the foregoing reasons, we sustain appellant's first assignment of error, reverse the trial court's judgment, and remand for further proceedings. We overrule appellant's second and third assignments of error.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. CONCURS and MICHAEL J. CORRIGAN, J. DISSENTS (Separate opinion attached)
[1] Appellant also refers to a brief that was allegedly filed with the second motion to compel. That brief is not in the record.