DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, in which the trial court granted summary judgment to appellee, Valleywood Golf Club, and dismissed a complaint filed by appellant for damages arising from injuries suffered in a motor vehicle accident. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant sets forth the following as his sole assignment of error on appeal:
 {¶ 3} "Error No. 1:
 {¶ 4} "The trial court abused its discretion and erred in its decision awarding summary judgment against appellant."
 {¶ 5} The undisputed facts that are relevant to the issues raised on appeal are as follows. On January 26, 2000, Patrick Eisel left the Valleywood Golf Club lounge, where he had been drinking alcoholic beverages. Shortly thereafter, Eisel was driving his vehicle in an easterly direction on State Route 2 near Swanton, Ohio, when he struck the rear of a 1993 Pontiac Grand Am, driven by Jeremy James, a minor. Jeremy's vehicle was stopped on Route 2, waiting to make a left-hand turn. The collision forced Jeremy's vehicle into oncoming traffic, where it collided head-on with appellant's vehicle, which was proceeding westbound on Route 2. As a result of the accident, appellant suffered extensive physical injuries.
 {¶ 6} On January 23, 2002, appellant filed a complaint against Eisel, Jeremy, Jeremy's parents, Gary and Vicki James, Valleywood Golf Club, and several unnamed Valleywood employees. The complaint alleged that appellant's injuries were caused by Eisel's driving while intoxicated, and Jeremy's negligence for having his wheels turned while waiting to make a left-hand turn. The complaint also set forth a claim against Jeremy's parents for negligent entrustment of a vehicle to their minor son, and a claim against Valleywood and its employees for continuing to serve Eisel alcohol, even though he was obviously intoxicated. The complaint further alleged that certain unnamed Valleywood employees gave appellant cocaine in the golf club's parking lot.
 {¶ 7} On April 16, 2002, Eisel filed a motion for summary judgment, in which he asserted that appellant, through his insurance carrier, Nationwide, had released all claims against Eisel in exchange for a payment of $5,000. On June 27, 2002, appellant filed a memorandum in opposition to Eisel's motion for summary judgment, in which he asserted that the release was invalid because it was signed by Nationwide's attorney on appellant's behalf, without his permission. Appellant further asserted that, prior to Nationwide's settlement with Eisel, appellant entered into a "partial" settlement with Nationwide in which he received $150,000, while retaining the right to sue Eisel for damages. Appellant did not attach a copy of the purported partial settlement agreement to his memorandum in opposition to summary judgment.
 {¶ 8} On August 29, 2002, Valleywood filed a motion for summary judgment, in which it asserted that appellant could not maintain an action against the golf club because, pursuant to R.C. 4399.18, Ohio's Dram Shop Act, appellant would have to show that Valleywood employees knowingly sold him an intoxicating beverage while he was noticeably intoxicated. Attached to Valleywood's motion was the affidavit of its employee, Nikki Szymkowiak, who stated therein that she was "somewhat familiar" with appellant as a regular patron of the lounge, and that appellant "was not slurring or stumbling or giving any other outward signs that he was intoxicated while he was in the lounge or when he left the lounge" on January 26, 2000. Appellant did not oppose Valleywood's motion for summary judgment.
 {¶ 9} On October 21, 2002, Jeremy, Gary and Vicki James filed a joint motion for summary judgment, in which they asserted that appellant had put forth no evidence that Jeremy acted negligently on the day of the accident. The Jameses further asserted that it was the force of the rear-end collision that drove Jeremy's vehicle into oncoming traffic, there was no evidence that Jeremy had his wheels turned and, even if Jeremy's wheels had been turned, Ohio law sets forth no cause of action against a driver based on the alignment of a vehicle's wheels while it is sitting at a complete stop. Appellant did not oppose the Jameses' motion for summary judgment.
 {¶ 10} On November 8, 2002, appellant filed a motion in which he asked the trial court to continue a pretrial scheduled for November 12, 2002, until December 2, 2002. In support of his motion, appellant stated that he needed additional time to take Eisel's deposition, so that he could respond to the Jameses' and Valleywood's motions for summary judgment. However, appellant did not file a request for an extension of time to respond to either of those motions for summary judgment.
 {¶ 11} On November 12, 2002, the trial court did not hold a pretrial conference. However, the court did hold an evidentiary hearing, at Eisel's request, at which all parties and their respective counsel were present.
 {¶ 12} Testimony was presented at the hearing by James Garrison, attorney for Nationwide. Garrison testified that he executed a release of appellant's claims against Eisel in exchange for $5,000, pursuant to a subrogation clause in appellant's insurance contract with Nationwide. Garrison further stated that he was unable to contact appellant prior to the execution of the release, and his file on the matter, which contained only copies of documents obtained from Nationwide, had been destroyed.
 {¶ 13} At the close of Garrison's testimony, the following exchange took place between appellant's counsel and the trial court:
 {¶ 14} "The Court: All right. Thank you. We have the motion for summary judgment filed by the James' [sic]. The response was due on or before November 7th, and there's been no extension. Therefore, it too is decisional on today's date.
 {¶ 15} "[Appellant's counsel]: Yes, Your Honor.
 {¶ 16} "The Court: All right. All right. On the Valleywood defendant, the response was due by October 7th. There's been no response filed. It too is decisional on today's date.
 {¶ 17} "[Appellant's counsel]: That's correct."
 {¶ 18} At the close of the hearing, the trial court stated:
 {¶ 19} "The Court: Thank you very much. The Court will take the motions [for summary judgment] under advisement. They are decisional. We have a pretrial set on December the 2nd at 1 p.m. We've changed that date. Thank you very much.
 {¶ 20} "[Appellant's counsel]: We changed it?
 {¶ 21} "The Court: December 2nd at 1 p.m. that's the date you had asked.
 {¶ 22} "[Appellant's counsel]: That's what we asked.
 {¶ 23} "The Court: Is one o'clock consistent with your calendar, Counsel?
 {¶ 24} "[Appellant's counsel]: Yes."
 {¶ 25} On November 14, 2002, the trial court issued three separate judgment entries, in which it granted Valleywood's, the Jameses' and Eisel's respective motions for summary judgment. On December 12, 2002, appellant filed a timely notice of appeal.
 {¶ 26} On appeal, appellant sets forth the following "issues" as relevant to his sole assignment of error:
 {¶ 27} "Did the trial court abuse its discretion and err by failing to apply the proper standard of proof in making its award of summary judgment? Did the trial court abuse its discretion and err in awarding summary judgment despite appellant's request for additional time to depose appellee Patrick Eisel, which was necessary for appellant to make a response to all motions for summary judgment? Was it an abuse of discretion and error as a matter of law to award summary judgment by erroneously deciding the effect of a criminal plea on a civil case? Was it an abuse of discretion and err as a matter or law to ignore the genuine issue of material facts surrounding the purported notarized release by appellant which was never signed by appellant nor was it acknowledged in the presence of the notary public?"
 {¶ 28} We note initially that some of the "issues" that appellant has raised on appeal, specifically those relative to the purported settlement agreement, the effect of Eisel's criminal plea, and whether or not Jeremy James was negligent, are not properly before this court, for the following reasons.
 {¶ 29} First, on April 28, 2003, this court issued a decision in which we found that "Patrick Eisel is not an appellee in this appeal."
 {¶ 30} Second, App.R. 3(D), which governs the content of the notice appeal, states, in relevant part:
 {¶ 31} "The notice of appeal shall specify the party or parties taking the appeal; [and] shall designate the judgment, order or part thereof appealed from; ***"
 {¶ 32} Ohio courts have held that the purpose of App.R. 3(D) is to notify potential appellees of an appeal and advise them as to what orders the appellant is appealing from. Parks v. Baltimore and Ohio Railroad
(1991), 77 Ohio App.3d 426, 428, citing Maritime Mfr., Inc. v. Hi-SkipperMarina (1982), 70 Ohio St.2d 257, 258-259. An appellate court need not review the merits of the judgment or order, unless it is designated or otherwise referenced in the notice of appeal. Id.; Schloss v. McGinness
(1984), 16 Ohio App.3d 96, 97-98.
 {¶ 33} The notice of appeal filed by appellant states:
 {¶ 34} "Now comes the Plaintiff, Karl Maunz, *** and hereby gives notice of the filing of the Notice of Appeal of the Judgment Entry journalized on November 14, 2002, a copy of which is attached hereto and marked Exhibit A."
 {¶ 35} Exhibit A is comprised of only the trial court's judgment entry granting summary judgment to appellee, Valleywood. The notice of appeal does not name or reference the trial court's judgment entry granting summary judgment to Jeremy, Gary and Vicki James. Accordingly, we need only address the merits of appellant's arguments relative to the granting of summary judgment to Valleywood.
 {¶ 36} In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Initially, the party seeking summary judgment bears the burden of delineating which areas of the opponent's claim raise no genuine issues of material fact. The moving party may support its assertions "by affidavits or otherwise as allowed by Civ.R. 56(C)." Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Once the moving party meets its burden, the non-moving party "then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the non-movant does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party." Dresher v. Burt (1996), 75 Ohio St.3d 280,293.
 {¶ 37} In this case, it is undisputed that appellant did not oppose Valleywood's motion for summary judgment. Accordingly, Valleywood is entitled to summary judgment if its claim that appellant cannot show that an essential element of his case is supported by the record. SeeVahila v. Hall (1997), 77 Ohio St.3d 421.
 {¶ 38} Any claim appellant may have against Valleywood for serving alcohol to Eisel is governed by R.C. 4399.18, otherwise known as Ohio's Dram Shop Act. The version of R.C. 4399.18 in effect on January 26, 2000 states, in relevant part:
 {¶ 39} "A person has a cause of action against a liquor permit holder or an employee of a liquor permit holder for injury, death, or loss to person or property caused by the negligent actions or omissions of an intoxicated person occurring off the premises of the liquor permit holder or away from a parking lot under the liquor permit holder's control only when both of the following can by shown by a preponderance of the evidence:
 {¶ 40} "(A) The liquor permit holder or an employee of the liquor permit holder knowingly sold an intoxicating beverage to at least one of the following:
 {¶ 41} "(1) A noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code;
 {¶ 42} "***
 {¶ 43} "(B) The person's intoxication proximately caused the injury, death, or loss to person or property."
 {¶ 44} R.C. 4301.2(B) provides:
 {¶ 45} "(B) No permit holder and no agent or employee of a permit holder shall sell or furnish beer or intoxicating liquor to an intoxicated person."
 {¶ 46} As set forth above, Valleywood attached to its motion for summary judgment the affidavit of bartender Nikki Szymkowiak, who stated that Eisel was not visibly intoxicated when he left the Valleywood Golf Club lounge on January 26, 2000. The record contains no testimony or other evidence to rebut the statements in Nikki's affidavit.
 {¶ 47} Appellant argues on appeal that, had he been able to depose Eisel, he would have been able to rebut Nikki's statements and defeat Valleywood's motion for summary judgment. However, as set forth above, appellant did not request an extension of the November 7, 2002 deadline to respond to Valleywood's motion for summary judgment. In addition, appellant's counsel represented at the November 12, 2002 hearing that he was aware that Valleywood's motion was decisional as of that date.
 {¶ 48} On consideration of the foregoing, this court finds no evidence to support appellant's assertion that a Valleywood employee knowingly served or sold him alcohol at a time when he was noticeably intoxicated, in violation of R.C. 4399.18. Accordingly, the trial court did not err by finding that Valleywood was entitled to summary judgment as a matter of law.
 {¶ 49} On consideration whereof, this court finds that there remain no genuine issues of material fact and construing the evidence most strongly in favor of the non-moving party, appellant, Valleywood, is entitled to summary judgment as a matter of law. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Court costs of these proceedings are assessed to appellant, Karl Maunz.
 JUDGMENT AFFIRMED.
Handwork, P.J., and Singer, J., concur.