DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kristy M. ("Kristy"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights and placed her two minor children in the permanent custody of Summit County Children Services Board ("CSB"). We affirm.
 {¶ 2} Kristy is the natural mother of two children, K.M., born July 5, 1999, and M.M., born March 1, 1995. CSB became involved in this case due, in part, to allegations of inadequate supervision because the younger child, K.M., was found wandering outside her home on several occasions and Kristy was later convicted of felony child endangering. Kristy stipulated that both children were dependent and neglected. CSB moved for permanent custody on August 7, 2001.
 {¶ 3} Following a hearing before a magistrate, the magistrate recommended that the children be placed in the permanent custody of CSB. The trial court adopted the magistrate's decision but indicated that the order would be stayed upon the filing of timely objections under Juv.R. 40. Kristy failed to file any objections to the magistrate's decision. Kristy appeals and raises three assignments of error.
 Assignment of Error I
"Based upon information given to the children's grandfather by [CSB], the trial court erred when it failed to give proper notice to the grandfather that a permanent custody hearing was to take place and then, because he had not filed his own motion, summarily excluded him from consideration for permanent custody."
 Assignment of Error II
"Based upon the transcript of the proceedings and the evidence presented therein, the trial court failed to adhere to the clear and convincing standard of evidence and, therefore, abused its discretion, by unreasonably ignoring Appellant's lack of proper transportation defense."
 Assignment of Error III
"Based upon the transcript of the proceedings and the evidence presented therein, the trial court failed to adhere to the clear and convincing standard of evidence and, therefore, abused its discretion, by unreasonably ignoring Appellant's lack of financial ability to pay for a parenting plan."
 {¶ 4} We will address Kristy's assignments of error together because all three are closely related. Kristy challenges the trial court's adoption of the magistrate's decision that K.M. and M.M. should be placed in the permanent custody of CSB. Because the permanent custody motion was heard by a magistrate, Kristy's right to appeal the magistrate's decision is controlled by Juv.R. 40(E). At the time of the magistrate's decision,[1] and the trial court's adoption of it, Juv.R. 40(E)(3)(d) provided, in relevant part, that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Kristy failed to file any objections to the magistrate's decision. Because Kristy failed to preserve any of these challenges to the findings of fact or conclusions of law of the magistrate, she is precluded from raising them on appeal and we cannot reach their merits. See In re Jefferson (Oct. 25, 2000), 9th Dist. Nos. 20092 and 20110, at 4. The first, second, and third assignments of error are overruled.
Judgment affirmed.
Baird, J., Batchelder, J. Concur.
[1] Effective July 1, 2003, Juv.R. 40(E) was amended to emphasize to counsel and pro se litigants that the failure to raise issues through timely objections to the magistrate's decision constitutes a waiver of appellate rights. Additional language is now included at the beginning of Juv. R. 40(E)(3)(a) to emphasize that a party may properly file timely objections to a magistrate's decision even if the trial court already adopted that decision. The language set forth above is now included in its own separate subdivision, Juv.R. 40(E)(3)(d), and bears the heading, "Waiver of right to assign adoption by court as error on appeal." New language was also added, requiring the magistrate's decision to include a conspicuous statement about the potential waiver of appellate rights by failing to raise issues through timely objections. See Juv.R. 40(E)(2). See, also, Staff Notes to Juv.R. 40(E).