OPINION
{¶ 1} Neal Folck, pro se, appeals from a judgment of the Dayton Municipal Court, Small Claims Division, in favor of Charlene Henry, pro se, on Folck's claims for breach of two promissory notes.
 {¶ 2} According to Folck's testimony at the June 4, 2003, evidentiary hearing, Henry purchased a 1995 Geo Prizm from Folck for $5,000. Under the purchase contract, Henry agreed to pay $200 per month or $50 per week, beginning on February 28, 2003, and ending in July 2005. The contract presented by Folck also contained a provision that Henry pay a late fee of $30 if she did not pay by the first of the month. In addition, Folck asserted that he had loaned $200 to Henry so that she could pay her rent. Folck presented a 30-day promissory note, in which Henry had agreed to repay the $200, with ten percent interest, beginning on March 8, 2003. Folck claimed that Henry had failed to make any payments on the 30-day note. He also claimed that Henry's May car payment was late, triggering the late fee provision, and that he had not received her June payment. In support of his claims, Folck presented copies of the two agreements; correspondence that he sent to Henry, requesting payment on the loans; his records of Henry's loan payments; and unsworn statements from Ronald Bonner and Mary Jackson, substantiating that Henry had entered into two loans agreements and that she had failed to comply with the payment terms of both the car loan and the personal loan for her rent.
 {¶ 3} In response, Henry testified that she had not agreed to pay a $30 late fee in her car purchase agreement. Henry presented her copy of the agreement, which did not contain that term. In addition, Henry claimed that she did not sign the 30-day promissory note. She claimed that her signature had been forged. Henry also presented the testimony of Aja Callaway, a friend and co-worker, who testified that she and Henry had mailed the June payment for the car loan on Saturday, May 31, 2003. Callaway also testified that Henry had told her that she had not borrowed the money for the personal note and that she had not signed it.
 {¶ 4} On June 12, 2003, the court ruled in favor of Henry, finding "[t]hat the Plaintiff has failed to prove his case by a preponderance of the evidence adduced at the time of trial." Folck appeals from that judgment. We note that on September 4, 2003, based on a request from Folck, the court filed findings of fact and conclusions of law. However, both Folck's request and the court's findings were filed after Folck had filed a notice of appeal.
 {¶ 5} In filing his appeal, Folck initially stated that Henry had "committed perjury under oath" and that the court had failed to grant him a continuance at trial to allow time for his witnesses to arrive. In his brief, he has asserted three assignments of error:
 {¶ 6} "Magistrate Dennis J. Greaney at hearing for Case No. [03]CVI 05072 failed to:"
 {¶ 7} "1. Grant a continuance as requested by plaintiff, to clarify contradictions."
 {¶ 8} "2. Have evidence of payment receipts of defendant that show's [sic] signature is different on each payment (see attached). Payment with matching signature as on $200.00 promissory note matches that on agreement. Magistrate let her [henry] see signature before signing in court."
 {¶ 9} "3. Attached payment schedule shows habitual late payment by defendant."
 {¶ 10} From these assignments of error, we infer three general arguments. First, Folck has challenged the trial court's failure to grant him a continuance to allow his witnesses — presumably Ron Bonner and Mary Jackson, who had provided written statements — to travel to the court. Second, Folck contends that the evidence demonstrates that Henry had signed the 30-day promissory note and that the trial court's finding in Henry's favor on that claim is against the manifest weight of the evidence. Third, Folck claims that Henry has continued to make late car payments, and the court's finding in Henry's favor is against the manifest weight of the evidence.
 {¶ 11} As an initial matter, we note that Folck has attached documents to his brief, showing Henry's payments on the car loan since June 4, 2003, the date of the trial. "An appellate court is confined to the record created in the trial court." Amburgey v.Amburgey (Jan. 11, 1993), Montgomery App. No. 13618. Accordingly, we cannot and will not consider these additional documents.
 {¶ 12} As for the court's failure to grant a continuance, "[t]he grant or denial of a continuance is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion." Schaefer v. Stephenson,
Miami App. No. 2001-CA-46, 2002-Ohio-398, citing State v.Sanders (2001), 92 Ohio St.3d 245, 276, 750 N.E.2d 90. "An abuse of discretion implies that the trial court acted with an arbitrary, unreasonable or unconscionable attitude when denying the continuance." Id.
 {¶ 13} We find no abuse of discretion in the trial court's failure to grant a continuance, because we find no evidence in the record that Folck requested one. During his case-in-chief, the court was informed that Bonner was "on his way, if necessary," but that Bonner would be losing wages and he had hoped that his letter would be sufficient. During rebuttal, Folck noted to the court that the personal letters of Jackson and Bonner indicated that he (Folck) had loaned money to Henry for her rent. He stated: "The testimony of Ron Bonner, if he was here, you would hear the same thing. He was present when I loaned her the money as a personal friend to her." Folck further said: "These witnesses of mine do have respectable jobs in the community at Panasonic and Ron Bonner is a service manager at Tires Unlimited. They have to take off time from work to testify. It's unfortunate that they are going to miss wages due to that. Here's Ron Bonner's card. * * *"
 {¶ 14} Folck did not indicate that Jackson would be available to testify, nor did he request that the court continue the trial so that he could arrange for her testimony. Although Folck's statements suggest that he would have liked Bonner to have testified as a rebuttal witness and Folck had indicated that Bonner could be available to testify, if necessary, Folck did not, in fact, ask the court for a continuance to allow him to contact Bonner and to arrange for Bonner to travel to the court. Without such a request, the court did not abuse its discretion in failing to continue the trial. We further note that Folck had plenty of notice of the trial date, and he could have arranged for his witnesses to be present at the trial, despite the apparent inconvenience this would have caused. See Karg v. Karg
(Feb. 25, 2000), Greene App. No. 99-CA-91.
 {¶ 15} Turning to Folck's claims for loan payments, as stated above, we infer that Folck is challenging the court's findings in Henry's favor as being against the manifest weight of the evidence. In reviewing a claim that the judgment is not supported by the evidence, we are guided by the holding that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Const. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus; see Lykins v. Miami ValleyHosp., Montgomery App. No. 19784, 2004-Ohio-2732, at ¶ 112. "Furthermore, we must presume the findings of the trier of fact are correct because the trier of fact is best able to observe the witnesses and use those observations in weighing the credibility of the testimony." Lykins, supra, citing Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 81, 461 N.E.2d 1273.
 {¶ 16} We find no fault with the trial court's judgment in Henry's favor on Folck's claim for late payments and the June payment under the car purchase agreement. Folck presented a handwritten version of the agreement which contained a provision that Henry must pay a $30 late fee if she did not pay by the first of the month. Folck's version included a second page, which contained a notary affidavit and seal, dated February 28, 2003. Henry also presented a handwritten version of the agreement which contained identical terms, with the exception that the late fee provision was absent. Her version also included a second page, which contained a notary affidavit and seal, dated February 28, 2003. Comparing the two documents, there are variations in the handwriting, both in the body of the agreement and in the signatures. Thus, the trial court was presented with two conflicting contracts, both seemingly signed on the same date, one of which contained a late fee provision and one of which did not. Based on the evidence, the court could have reasonably concluded that Folck had failed to prove, by a preponderance of the evidence, that he was entitled to a $30 late fee.
 {¶ 17} As for the June 2003 payment, that payment was not owed when Folck filed suit on May 2, 2003. In addition, there was no evidence at the time of the trial that the payment was overdue. Henry and Callaway both testified that they had mailed the payment on May 31, 2003. We reiterate that any additional evidence of Henry's allegedly late car loan payments, including those which were submitted for the first time to the trial court after the trial had concluded and those which were submitted on appeal, are not properly before us. Accordingly, the trial court did not err in finding in favor of Henry on that claim.
 {¶ 18} As for the $200 personal loan for rent, we likewise cannot find that the trial court's judgment was against the manifest weight of the evidence. In support of his claim, Folck introduced the single page, handwritten promissory note, which was notarized at the bottom of the page. Folck also presented unsworn statements from Bonner and Jackson that Henry had agreed to the 30-day note in their presence. Jackson signed the note as a witness. Despite the notary's affidavit and the statements of Bonner and Jackson, Henry asserted that she had not signed the document. Callaway reiterated that Henry had said that she had not borrowed the money and would not sign the note.
 {¶ 19} In response to Henry's assertion that she had not signed the note, the court asked her to write her signature three times, presumably so that he could compare the signatures. Folck complains that the court showed Henry the note before asking her to sign her name. Folck presumably is implying that, because Henry saw the contested signature first, she could have ensured that the three signatures would not match the signature on the note. We do not agree that Folck was prejudiced by the court's action. The court had several copies of Henry's signatures, including her signatures on the two car loan documents, the $50 money order provided to Folck as the May 1, 2003, car payment, and the receipt for the $160 car payment. The three signatures provided during the trial were not the only bases for comparison.
 {¶ 20} In addition, the court apparently chose to believe Henry's testimony that she did not sign the note and, by inference, that her signature had been forged. Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility. State v. Lawson
(Aug. 22, 1997), Montgomery App. No. 16288. We note that Jackson and Bonner did not testify at trial, and the court was free to disregard their unsworn statements. (Parenthetically, we note that there is a marked difference between the signature on Jackson's statement and her signature on the personal loan document.) Accordingly, because we conclude that the trial court had credible, competent evidence to find in Henry's favor, the court's judgment was not against the manifest weight of the evidence.
 {¶ 21} Folck's assignments of error are overruled.
 {¶ 22} The judgment of the trial court will be affirmed.
Fain, P.J. and Young, J., concur.