DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, J.H., appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated him a delinquent and ordered him committed to the legal custody of the Department of Youth Services ("DYS"). We affirm.
 I. {¶ 2} On September 25, 2003, J.H., d.o.b. April 16, 1989, was charged with one count of gross sexual imposition, in violation of R.C.2907.05(A)(4). J.H. was in the permanent custody of the Summit County Children Services Board at that time.
 {¶ 3} On October 24, 2003, J.H. entered an admission to the charge, and remained held in the Summit County Juvenile Detention Facility to await further disposition of the case. J.H. was ordered to undergo a sexual offender evaluation while at the facility.
 {¶ 4} On December 17, 2003, a magistrate decided that J.H. be placed on probation and into a residential treatment facility; the trial court issued an order proclaiming the same. On January 14, 2004, the court issued an entry that ordered J.H. placed in the temporary physical care of Starr Commonwealth for treatment.
 {¶ 5} On July 26, 2004, J.H.'s probation officer filed a notice of probation violation with the court, asserting that J.H. failed to comply with treatment at Starr Commonwealth. The same day, J.H. appeared in court for a preliminary hearing on the probation violation citation, where he denied the violation and counsel was assigned.
 {¶ 6} On September 28, 2004, J.H. entered an admission to the probation violation at a hearing before a magistrate. The magistrate issued a decision finding J.H. a delinquent and recommending J.H. be committed to the legal custody of the DYS for a period of six months, until the age of 21 years. Thereafter, the trial court issued an order that adopted the magistrate's decision, adjudicating J.H. a delinquent and ordering him committed to the DYS. This appeal followed.
 {¶ 7} J.H. timely appealed, asserting one assignment of error for review.
 II. Assignment of Error
"The trial court's decision imposing a term of commitment to the department of youth services was against the manifest weight of the evidence."
 {¶ 8} In his sole assignment of error, J.H. contends that the court's decision to impose a six-month term of commitment to the DYS was against the manifest weight of the evidence. Specifically, J.H. argues that evidence adduced at the magistrate hearing did not support the finding that commitment of J.H. to the DYS was the better-suited option to deal with J.H.'s issues and problems.
 {¶ 9} However, a careful review of the record reveals that J.H. failed to file objections to the magistrate's decision along with a hearing transcript. Juv.R. 40(E)(3)(d) provides, "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Therefore, J.H.'s failure to file objections to the magistrate's decision results in a waiver of his right to assign the trial court's adoption of the magistrate's decision as error on appeal. See In re K.M. M.M., 9th Dist. No. 21536, 2003-Ohio-5781, at ¶ 4.
 {¶ 10} J.H.'s sole assignment of error is overruled.
 III. {¶ 11} J.H.'s sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Whitmore, J., concur.
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)