OPINION
{¶ 1} Appellant Z.C. appeals the decision of the Warren County Court of Common Pleas, Juvenile Division, adjudicating him delinquent for one count of gross sexual imposition, a felony of the third degree if committed by an adult. We affirm the decision of the trial court.
 {¶ 2} On November 15, 2003, appellant and the victim in this case were at the home of a friend without parental supervision. The victim, age ten, and appellant, age 14, had become boyfriend and girlfriend earlier that day and were lying in a tent set up outside the home of that friend when appellant held the victim down and placed his hand on her pubic region. A complaint was filed alleging appellant's delinquency for committing what would be the crime of gross sexual imposition if committed by an adult. The matter proceeded to a hearing before a juvenile magistrate on March 5, 2004. At trial, the victim testified that appellant, along with other boys, stole bottles of banana rum and vodka, which they then shared that evening. She testified that at approximately 8:30 that evening, she, appellant, and two friends went into a tent set up outside the house to lie down. While in the tent, appellant lay directly behind the victim putting his arm over her midsection. As they were lying on their sides, appellant touched the victim below her beltline, near her vaginal area, and held her down so that she could not get up. The victim testified that appellant "touched her private." When asked where her privates were, she stated, "the lower one." When asked if that was "in between her legs," she said yes. The victim went on to testify that appellant was holding her down with his arm and would not let her up for a matter of minutes while this was taking place.
 {¶ 3} Much cross-examination, redirect examination, and recross-examination attempted to narrow down exactly where appellant had touched the victim. The victim later clarified that appellant did not put his hand in between her legs, but that his hand was "right there," and "on it," and "actually touching it." During questioning by the state, the victim was asked how close appellant's hand was to "where you go to the bathroom from," to which she replied that, "it wasn't that close, but it was close," and stated that it was, "like right above it."
 {¶ 4} At the close of the trial, the magistrate informed the parties that he would take the matter under advisement and issue a written decision. On March 24, 2004, the magistrate issued a decision adjudicating appellant delinquent for the crime of gross sexual imposition, a felony of the third degree if committed by an adult. On April 19, 2004, the magistrate filed a written decision detailing the disposition and ordering that appellant be committed to the custody of the Ohio Department of Youth Services ("D.Y.S.") for a minimum term of six months and a maximum term extending to the age of 21, but then suspended imposition of the commitment so that appellant could be committed to the Mary Haven Youth Center for residential treatment.
 {¶ 5} Both entries by the magistrate included language demonstrating that "[the] decision shall be effective and binding upon approval by Judgment Entry of the Court. JR 40(E)(4). A party may, within fourteen (14) days of the date of this Decision file written Objections thereto. JR 40(E)(3)." Both entries, adopted by the Court on the day of filing, included language indicating that "a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law in that decision unless the party timely and specifically objects to that finding or conclusion as required by Juv.R. 40(E)(3)." The court's judgment entries include certification stamps indicating the entries were distributed to both parties. Appellant did not file objections to either decision and did not appeal the court's adoption of either adjudication decision or the disposition.
 {¶ 6} On March 31, 2005, appellant again appeared before the magistrate and admitted to violating the court's order, having committed new offenses during his placement in treatment. On April 28, 2005, the magistrate issued a written decision imposing the suspended disposition, and ordered appellant committed to the custody of D.Y.S. for a minimum term of six months and a maximum term of commitment to the age of 21. This decision again included language requiring objections within 14 days. The judgment entry of the court, adopting the decision on the day of filing, includes the certified distribution of the entry to all parties.
 {¶ 7} Appellant filed a motion for delayed appeal on June 3, 2005 requesting leave to appeal the adjudication and commitment imposed on April 19, 2004. We granted the motion.
 {¶ 8} We note, initially, that while appellant's notice of appeal designates only the disposition order entered April 19, 2004 as the order appealed from, both the motion for delayed appeal and brief on appeal challenge the adjudication decision entered March 24, 2004. App.R. 3(D) provides that "* * * the notice of appeal shall designate the judgment, order or part thereof appealed from * * *." While an adjudication entry alone, without a disposition, is not a final appealable order, App.R. 3 would require the inclusion of the trial court's adjudication entry as a prerequisite to a party's ability to assign error to it on appeal. See, In re Sekulich (1981), 65 Ohio St.2d 13; Inre S.G. M.G., Cuyahoga App. No. 84228, 2005-Ohio-1163. However, the Ohio Supreme Court has recognized that the Rules of Appellate Procedure should be construed liberally in order to protect the right of appeal and promote the objectives of the appellate procedure. See, Maritime Manuf., Inc. v. Hi-SkipperMarina (1982), 70 Ohio St.2d 257. The Court noted that "the purpose of a notice of appeal * * * is to * * * apprise the opposite party of the taking of an appeal * * *. If this is done beyond (the) danger of reasonable misunderstanding, the purpose of the notice of appeal is accomplished." Id. at 259. The Court found that, although the appellant's notice of appeal had failed to comply with the rule in the technical sense, improperly designating the order denying the motion for new trial, rather than the final judgment, as the order appealed from, there had been no prejudice to the appellees. Id. at 260. The appellants had clearly indicated that the appeal was directed at the final judgment on the merits and appellant's brief and assignments of error clearly attacked the validity of the final judgment. Id. at 259. The Court found that because there was no prejudice to appellees, who were fully able to respond to appellant's assignments of error, the notice of appeal did not materially mislead and did not act to remove appellant's arguments from consideration on appeal. Id. at 260; see, also, McMonigle v.Riley, Warren App. No. CA2003-07-075, 2004-Ohio-1508 (finding appellant's failure to designate order appealed from did not prejudice appellee who was sufficiently aware of intent of appeal).
 {¶ 9} We find that appellant in this case similarly designated the improper judgment entry in the notice of appeal by attaching only the disposition entry of April 19, 2004, while the argument on appeal assigned error to the adjudication entry of March 2004. However, both appellant's motion for delayed appeal, and the assignments of error in his brief clearly identified the intent of the appeal to be an attack on the sufficiency of the adjudication. Further, the state was able to fully respond to the arguments assigning error to the adjudication in appellant's brief. We therefore find that the state, appellee in this matter, was not prejudiced by appellant's noncompliance with the appellate rule and we will address appellant's arguments with regard to the trial court's adoption of the magistrate's adjudication entry. Appellant's three assignments of error are as follows:
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "THE TRIAL COURT VIOLATED Z.C.'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSITUTION, AND JUV. R. 29(E)(4) WHEN IT ADJUDICATED HIM DELINQUENT OF GROSS SEXUAL IMPOSITION ABSENT PROOF OF EVERY ELEMENT OF THE CHARGE AGAINST HIM BY SUFFICIENT, COMPETENT, AND CREDIBLE EVIDENCE."
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "THE TRIAL COURT VIOLATED Z.C.'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION WHEN IT ADJUDICATED HIM DELINQUENT OF GROSS SEXUAL IMPOSITION WHEN THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 14} Assignment of Error No. 3:
 {¶ 15} "Z.C. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN DEFENSE COUNSEL FAILED TO FAMILIARIZE HIMSELF WITH THE PARTS OF THE HUMAN ANATOMY AT ISSUE IN THE CASE OR REQUEST A FINDING ON THE LESSER INCLUDED OFFENSE OF SEXUAL IMPOSITION."
 {¶ 16} Appellant's first two assignments of error argue that the trial court erred in adjudicating him delinquent because the adjudication is not supported by sufficient evidence and is against the manifest weight of the evidence. Appellant argues that the state failed to prove, beyond a reasonable doubt, necessary elements of the offense of gross sexual imposition, specifically that appellant touched the victim's pubic region or that he did so for the purpose of sexual gratification. The State, in response, argues that appellant waived his opportunity to assign error as to the sufficiency of the evidence and the weight of the evidence when he failed to file objections to the magistrate's decision. We agree.
 {¶ 17} Juv.R. 40(E) explains that a magistrate is not required to prepare any report other than the magistrate's decision. However, if a party makes a request for findings of fact and conclusions of law, the magistrate shall prepare such findings. Juv.R. 40(E)(2). A party may file objections to the magistrate's decision within 14 days, which objections are then reviewed and ruled on by the trial court. Juv.R. 40(E)(3)-(4).
 {¶ 18} Ohio case law consistently recognizes the principle that failure to bring an alleged error to the attention of the trial court through the raising of objections, operates to waive a party's right to raise that alleged error on appeal. See, Inre J.H., Summit App. No. 22384, 2005-Ohio-2398; In re Johnson
(Dec. 11, 2000), Butler App. Nos. CA2000-030-41, CA2000-05-073. In Johnson, this court found that an appellant's failure to object to the magistrate's decision adjudicating him delinquent for the crime of complicity to robbery, waived his right to assign error to such finding on appeal. Id. at 2-3. We noted that Juv.R. 40(E)(3) "embodies the long-recognized principle that failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal." Id. at 3.
 {¶ 19} We therefore similarly find that by failing to object to the magistrate's decision in this case, appellant has waived his right to assign error to the findings in that decision. Therefore, our review with regard to these assignments of error is limited to whether the trial court committed plain error in its adoption of the magistrate's decision. See In re Hunter
(Mar. 6, 2001), Franklin App. No. 00AP-507 (noting review limited to errors of law or defects on the face of the magistrate's decision). Our review of the magistrate's decision and the record before us fails to reflect any plain error or defect. We therefore find that appellant's first two assignments of error are without merit and are overruled.
 {¶ 20} We note that appellant's reply brief raises the argument that, if this court is to find that appellant's rights on appeal are waived by trial counsel's failure to file the necessary objections, then we should further find that appellant was denied the effective assistance of counsel for this failure. However, new assignments of error are improperly raised by way of reply brief. See, State v. Shaffer, Portage App. No. 2002-P-0133, 2004-Ohio-336. App.R. 16(C) provides, in relevant part, that "[t]he appellant may file a brief in reply to the brief of the appellee * * *. No further briefs may be filed except with leave of court." We have previously recognized that "the reply brief is, then, merely an opportunity to reply to the brief of the appellee." App.R. 16(A)(2); State v. Bowens, Jr.,
(Aug. 3, 1999), Clermont App. No. CA98-01-009 at 3. "New assignments of error (i.e., those contained in a `further brief') may not be raised except with leave of court." Id.; citing and quoting Sheppard v. Mack (1980), 68 Ohio App.2d 95, 97. We find no relevant distinction between the cases cited and the case before us now. Although appellant's new argument in support of his ineffective assistance of counsel claim is made "in response" to the State's argument of waiver, it does in fact amount to a new assignment of error and deprives the state of an opportunity to respond. We find no reason why appellant could not have addressed the potential for an ineffective assistance of counsel argument based on these facts in his original brief. We therefore find that this argument was improperly raised and may not be considered on appeal.
 {¶ 21} With regard to appellant's third assignment of error, he argues that he was denied the effective assistance of counsel due to trial counsel's failure to better understand the anatomical regions of the body and his failure to request the lesser included offense of sexual imposition. While the state again argues that appellant's right to claim this error on appeal was waived, we disagree. "Juv.R. 40(E) contemplates objections to a magistrate's findings of facts or conclusions of law, not arguments relating to ineffective assistance of counsel." In reMcLemore (Mar. 20, 2001), Franklin App. No. OOAP-974, 2001 WL 266947, *2. Therefore appellant's rights with regard to his two proffered claims of ineffective assistance of counsel were not waived by his counsel's failure to raise objections at the trial court level and we will address them here. However, we note that appellant has attached certain documents to his brief on appeal relating to certain medical evidence which was not introduced at trial and is therefore not a part of the court's record. "An appellate court is confined to the record created in the trial court." Folck v. Henry, Montgomery App. No. 19984,2004-Ohio-3772, ¶ 11. Accordingly, we cannot and will not consider these additional documents.
 {¶ 22} With regard to appellant's claim of ineffective assistance of counsel, we must apply the two-tier test ofStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. In order to establish ineffective assistance of counsel, appellant must show that his trial attorney's performance was both deficient and prejudicial. State v. Bradley (1989),42 Ohio St. 3d 136, 141-142. Appellant must first show that his counsel's performance "fell below an objective standard of reasonableness." Strickland at 688. "Appellant must also overcome the presumption that the challenged action might be considered sound trial strategy." In re J.B., Butler App. No. CA2004-09-226, 2005-Ohio-7029, ¶ 96; citing Strickland at 689. Appellant must then demonstrate the existence of a reasonable probability that, but for his counsel's unprofessional errors, the outcome of the proceeding would have been different. Id.
 {¶ 23} Appellant's first argument under this assignment of error contends that trial counsel's performance was deficient for his failure to be sufficiently familiar with the different anatomical regions of the body and to introduce evidence differentiating the "pubic region" of the body from the area he describes as the "hypogastric region." Appellant alleges that his attorney's failure to introduce such evidence amounts to deficient performance and prejudiced him by hindering the court from differentiating between the "pubic region" and the place where he alleges appellant touched the victim.
 {¶ 24} A reviewing court is not permitted to use the benefit of hindsight to second-guess the strategies of trial counsel.State v. Hoop, Brown App. No. CA2004-02-003, 2005-Ohio-1407, ¶ 20. Even debatable trial strategies and tactics do not constitute ineffective assistance of counsel. Id. Further, "it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Bradley,42 Ohio St.3d at 142.
 {¶ 25} A review of the transcript reveals that trial counsel dedicated much cross-examination to an attempt to narrow down the exact place appellant touched the victim and to differentiate between the "pubic region" and other "private areas." Appellant fails to show that his counsel's performance fell below an objective standard of reasonableness and fails to overcome the strong presumption of effective assistance and trial strategy. Further, the victim testified extensively as to the area that appellant touched and appellant fails to establish any reasonable probability that counsel's inclusion of additional evidence or testimony regarding this "hypogastric region" would have resulted in a different finding by the trial court. Appellant has therefore failed to show he received ineffective assistance of trial counsel in this regard.
 {¶ 26} Appellant's second argument under this assignment of error contends that trial counsel's performance was deficient in his failure to request the lesser included charge of sexual imposition. Appellant argues that the evidence presented at trial, at most, supported a conclusion that the victim found the conduct offensive and that appellant was reckless in that regard.
 {¶ 27} R.C. 2907.05 defines gross sexual imposition as: "sexual contact with another * * * when any of the following applies: (1) the offender purposely compels the other person * * * to submit by force or threat of force" or "(4) the other person * * * is less than thirteen years of age."
 {¶ 28} R.C. 2907.06 defines sexual imposition as: "sexual contact with another * * * when any of the following applies: (1) the offender knows that the sexual contact is offensive to the other person * * * or is reckless in that regard."
 {¶ 29} Sexual imposition is a lesser included offense of felony gross sexual imposition. State v. Staab, Lorain App. No. 04CA008612, 2005-Ohio-3323, ¶ 7. Further, it is true that "a charge on a lesser included offense is appropriate when the evidence presented `would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense.'" State v. Buckley (Nov. 22, 1995), Cuyahoga App. No. 68419, 1995 WL 693113, * 4.
 {¶ 30} However, this case was tried to the court, rather than to a jury. In such circumstances, the trial court is presumed to know the law and to have considered any lesser included offenses which may be warranted by the evidence. State v. Johnson,
Mahoning App. No. 00 CA 131, 2001-Ohio-3506, citing Buckley.
This court has similarly recognized that, "[a]bsent any indication to the contrary, we see no reason why the court in a bench trial would not automatically consider any lesser included offense or inferior degree offense warranted by the evidence."State v. Williams (June 1, 1993), Butler App. No. CA92-07-133, at 7. Therefore, it is established that a trial court is presumed to have considered any lesser included offenses warranted by the evidence unless otherwise indicated in the record. See id. Further, trial counsel will not be found to have rendered ineffective assistance for failing to request such a finding. Id. at 8; Buckley at *4.
 {¶ 31} This case, like Williams and Buckley, was tried before the court without a jury. The trial court, after considering all the evidence presented at trial, adjudicated appellant delinquent for the offense of gross sexual imposition beyond a reasonable doubt. There is no indication that the trial court, as the fact-finder, did not consider all the relevant evidence and determine that it was insufficient to reduce the crime from gross sexual imposition to sexual imposition. As the court is presumed to have considered all lesser included offenses warranted by the evidence, appellant's argument that trial counsel erred in failing to request such a finding fails to establish a claim of ineffective assistance of counsel. We therefore find that appellant's third assignment of error is without merit.
 {¶ 32} Based on the foregoing analysis, appellant's assignments of error are overruled.
 {¶ 33} Judgment affirmed.
Walsh and Bressler, JJ., concur.