JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, P.M.[1] ("defendant") appeals his convictions in the Cuyahoga County Juvenile Court for domestic violence, rape, and kidnaping. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On or about September 13, 2005, defendant was charged in the Cuyahoga County Juvenile Court with two counts of domestic violence, in violation of R.C. 2919.25(A), one count of rape of a minor, in violation of R.C. 2907.02, and one count of kidnaping, in violation of R.C. 2905.01. On October 5, 2005, the trial court granted a motion by the State for a continuance and ruled that both cases would be heard at the same time. The cases were not, however, consolidated by the trial court. On October 27, 2005, the adjudicatory hearing began.
 {¶ 3} On October 27, 2005, defendant was found delinquent of all charges and committed to ODYS for a period of one year.
 {¶ 4} Defendant timely appeals and raises the following two assignments of error for our review:
 {¶ 5} "I. The trial court erred by denying appellant's Crim.R. 29 motion because the State presented insufficient evidence to establish the elements of the felony domestic violence charges.
 {¶ 6} "II. The trial court's delinquency findings were against the manifest weight of the evidence."
Domestic Violence Charges
 {¶ 7} In his these assignments of error, defendant argues, respectively, that the State failed to present sufficient evidence to support his convictions for domestic violence against M.S. and D.S. and that his convictions for domestic violence are against the manifest weight of the evidence.
 {¶ 8} Our review of the record indicates that we lack jurisdiction to review these assigned errors because the notice of appeal filed in this case designated only the trial court's finding of delinquency as to the rape case. Defendant did not designate or otherwise reference the finding of delinquency as to the domestic violence charges that he now assigns as errors I and II.[2]
 {¶ 9} Pursuant to App.R. 3(D), an appellant is required to designate judgments or orders in the notice of appeal. Specifically, App.R. 3(D) provides, in relevant part:
 {¶ 10} "(D) Content of the notice of appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken."
 {¶ 11} In accordance with this rule, we have consistently declined jurisdiction to review a judgment or order that is not designated in the notice of appeal. Slone v. Board of Embalmers Funeral Dirs. (1997), 123 Ohio App.3d 545, citing Parks v.Baltimore Ohio R.R. (1991), 77 Ohio App.3d 426, 428;Bellecourt v. City of Cleveland, 152 Ohio App.3d 687; Brady v.Benzing, Cuyahoga App. No. 81894, 2003-Ohio-3354; Cavanaugh v.Sealey (Jan. 23, 1997), Cuyahoga App. Nos. 69907, 69908, 69909;In re Estate of Carl Borgh (Jan. 4, 1996), Cuyahoga App. Nos. 68033, 68145, 1996. Accordingly, Assignments of Error I and II, as they relate to the domestic violence charges, are not properly presented to us for appellate review.
Rape and Kidnaping Charges
 {¶ 12} Defendant argues that his convictions for rape and kidnaping are against the manifest weight of the evidence. A manifest weight challenge questions whether the State has met its burden of persuasion. State v. Thompkins, supra at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins, supra at 387.
 {¶ 13} Defendant was convicted of rape under R.C.2907.02(A)(2), which provides that "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Defendant was also convicted of kidnaping under R.C.2905.01(A)(4), which provides, in pertinent part: "No person, by force, threat, or deception * * * shall restrain the liberty of the other person * * * to engage in sexual activity * * * with the victim against the victim's will."
 {¶ 14} The indictment charged defendant with engaging in sexual conduct with M.S. by purposely compelling her to submit by the use of force and by restraining her liberty for the purpose of engaging in this sexual activity.
 {¶ 15} At trial, the State called M.S., a 15-year-old girl, who testified that on August 9, 2005, she was sitting in her room after taking a shower when defendant "busted" into her room and approached her in a threatening manner. She testified that she began to windmill her arms to keep defendant at a distance but that he grabbed her arms with one hand and inserted fingers into her vagina with his other hand. She stated that she kicked him in the leg and then ran for the door. She stated that defendant also ran to the door, blocked her in, and punched her in the stomach. M.S. stated that she kicked defendant in the groin, ran out the door, and called her mentor[3] to tell her what happened. Her mentor advised her to get out of the apartment, so M.S. called her mother, told her that she was going for a walk, and left the apartment for several hours. She did not tell her mother what happened until several days later when her mother noticed that she was acting different.
 {¶ 16} Next, Sherese McClain Swinney ("Sherese"), the mother of the defendant and M.S., testified that she was at the hospital with her other son on the evening of August 9, 2006. She stated that M.S. called her there and said she wanted to take a walk because she was upset. She said that M.S. did not tell her that night what happened. Rather, M.S. told her about the incident several days later. Sherese told M.S. to call the Rape Crisis Center and shortly thereafter, on August 18, 2005, filed a police report against defendant with regard to the rape charge.
 {¶ 17} Defendant argues his conviction is against the manifest weight of the evidence because there were no witnesses to the alleged incident and M.S. is not credible and her story makes "no sense." Specifically, defendant points to the following evidence and testimony to demonstrate M.S.'s lack of credibility: (1) M.S. has made molestation accusations against other people; (2) M.S. claims that defendant was able to restrain her and rape her yet she weighs 40 lbs. more than him; (3) M.S. took a two-hour shower; (4) M.S. waited three hours to call her mentor and mother; and (5) M.S. waited approximately one week before coming forward with her accusation against the defendant.
 {¶ 18} Our review of the record evidence amply supports defendant's conviction for rape and kidnaping and is not unbelievable. First, there is no requirement that a witness be present during a rape. Second, the defendant is incorrect when he states that M.S. waited three hours before calling anyone about the incident. The record shows that M.S. testified that she telephoned her mentor immediately following the incident. She then telephoned her mother to get permission to leave the apartment. She did not return to the apartment until three hours later. With regard to her size, M.S. testified that defendant took her arms in one hand and held them so that she could neither leave nor defend herself. She then testified that defendant took his free hand and inserted his fingers into her vagina. She was cross-examined by defendant's trial counsel with regard to this testimony and remained consistent and detailed in her testimony. Under State v. DeHass, supra, the trier of fact was free to accept or reject any or all of M.S.'s testimony and assess her credibility. Accordingly, whether M.S.'s testimony was credible was for the trier of fact to determine. Id. We find, under the circumstances presented in this case, that the trial court did not clearly lose its way nor create a manifest miscarriage of justice when it determined that defendant engaged in sexual conduct with M.S. by purposely compelling her to submit by the use of force and restrained her liberty for the purpose of engaging in this sexual activity.
 {¶ 19} Upon careful review of the testimony and evidence presented at trial, we hold that the trial court did not act contrary to the manifest weight of the evidence in finding defendant guilty of rape and kidnaping. Substantial, competent, and credible evidence supports the trial court's verdict.
 {¶ 20} Assignments of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court, Juvenile Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sean C. Gallagher, J., and Christine T. McMonagle, J., concur.
[1] The parties are referred to herein by their initials or title in accordance with this Court's established policy.
[2] However, we do address the issues presented in the second assignment of error as they relate to the trial court's finding of delinquency to the rape and kidnaping charge.
[3] M.S. testified that she has a mentor through Delta GEMS. Delta GEMS is a service organization sponsored by Delta Sigma Theta that strives to help young women build self-esteem, learn social graces, learn how to work in the community.