JOURNAL AND OPINION
{¶ 1} Appellant-employer Co-Ax Technology, Inc. appeals from a judgment in favor of appellee-claimant Betty J. Baur on its administrative appeal from an adverse decision by the Ohio Industrial Commission. The narrow issue on appeal is whether the court abused its discretion by entering judgment in Baur's favor due to Co-Ax's counsel's failure to appear at a pretrial. We conclude that the court abused its discretion by granting a default judgment and reverse and remand.
 {¶ 2} The issues relevant to appeal show that Co-Ax filed a notice of appeal from an adverse decision by the industrial commission and Baur filed her complaint[1]. Co-Ax did not timely answer the complaint, so Baur filed a motion for a default judgment. The court denied the motion and Co-Ax answered the complaint. After holding two pretrial conferences, the court referred the case to mediation. In a journal entry dated July 14, 2006, the court noted that mediation failed. On August *Page 3 
4, 2006, the court entered the following order: "PT could not be held as defendant appellant failed to appear after receiving notice thereof.[2] Judgment for plaintiff appellee at defendant appellant's costs. Final."
 {¶ 3} Co-Ax's two assignments of error collectively complain that the court erred by entering a default judgment.[3]
 {¶ 4} The court obviously intended to punish Co-Ax for its failure to attend the pretrial. What is less obvious is the court's legal basis for doing so. The court speaks through its journal, and the court's use of the word "judgment" in its journal entry suggests that the court entered judgment for Baur by "default." If this was the court's intention, it erred. A Civ.R. 55(A) default judgment may only issue when a party has "failed to plead or otherwise defend." Co-Ax filed an answer; hence, it submitted a pleading and Civ.R. 55(A) did not apply. See Civ.R. 7(A);Reese v. Proppe (1981), 3 Ohio App.3d 103. "The proper action for the trial court is to proceed ex parte and to require plaintiff to present evidence in support of the claims." Grabowski v. Allstate Ins. Co., Cuyahoga App. No. 88383, 2007-Ohio- *Page 4 
2765, at T|28 (Stewart, J., concurring) (citations omitted). The court did not conduct an ex parte trial, so it could not have granted "judgment" as a sanction.
 {¶ 5} The other possibility is that the court intended to sanction Co-Ax by dismissing its appeal for want of prosecution. However, a Civ.R. 41(B) dismissal for want of prosecution applies only when the"plaintiff fails to prosecute * * *." (Emphasis added.) Although Co-Ax filed a notice of appeal from the industrial commission's order, it did not file the complaint — Baur was the plaintiff. Hence, the court could not purport to issue a Civ.R. 41(B) involuntary dismissal against defendant Co-Ax.
 {¶ 6} Even if the court could use Civ.R. 41(B) against an employer who has filed a notice of appeal from an adverse ruling by the industrial commission, the rule expressly states that the court may only dismiss an action after giving notice to plaintiff's counsel. There is no indication in the record that the court gave warning to Co-Ax that dismissal would follow if it failed to attend the pretrial conference. See Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99, 101. Moreover, even had notice of pending dismissal been given, we believe that the court would have abused its discretion by dismissing the appeal on the facts before it. In a subsequent motion to vacate judgment, Co-Ax's counsel blamed his tardiness on long lines at the elevators in the Justice Center. Counsel always have the obligation of ensuring that they arrive on time for scheduled court events. But when counsel allegedly arrived *Page 5 
15 minutes late for a pretrial, a summary dissmissal, without more, is inconsistent with the proposition that "judicial discretion must be carefully — and cautiously-exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." DeHart v.Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, 192. The court had less severe alternatives to use as sanctions against Co-Ax's counsel.
 {¶ 7} This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and KENNETH A. ROCCO, J., CONCUR
[1] R.C. 4123.512(D) states in part, "[t]he claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. Further pleadings shall be had in accordance with the Rules of Civil Procedure, provided that service of summons on such petition shall not be required and provided that the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court pursuant to this section."
In Zuljevic v. Midland-Ross Corp., Unitcase Div. (1980),62 Ohio St.2d 116, 118, the supreme court stated, "It has been held that a claimant has both the burden of going forward with evidence and the burden of proof at the hearing before the common pleas court. Thus, where an employer appeals an unfavorable administrative decision to the court the claimant must, in effect, re-establish his workers' compensation claim to the satisfaction of the common pleas court even though the claimant has previously satisfied a similar burden at the administrative level." (Citations omitted.)
[2] The record contains nothing to show that notice of a pretrial had been issued, but Co-Ax later filed a Civ.R. 60(B) motion for relief from judgment, arguing that counsel had been late to the pretrial because of long elevator lines at the Cuyahoga County Justice Center. Lack of notice is therefore not an issue in this appeal.
[3] Co-Ax's notice of appeal only designates the August 4, 2006 order granting judgment to Baur, so we may only consider issues arising from that order when addressing this appeal. See App.R. 3(C); Parks v.Baltimore Ohio R.R. (1991), 77 Ohio App.3d 426. *Page 1