[Cite as *State v. Henderson*, 2018-Ohio-3168.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 106340 and 107334**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**STEVEN HENDERSON, JR.**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-603235-A, CR-17-614549-A and CR-17-615052-A

**BEFORE:** Celebrezze, J., S. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** August 9, 2018

**ATTORNEY FOR APPELLANT**

Brian R. McGraw
55 Public Square, Suite 2100
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:     Shannon M. Musson
          Frank Romeo Zeleznikar
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Defendant-appellant, Steven Henderson ("appellant"), brings this appeal challenging the trial court's calculation of jail-time credit and imposition of consecutive sentences. Specifically, appellant argues that the trial court erred by failing to award him jail-time credit for the time he served at a community-based correctional facility ("CBCF"), and that the trial court's consecutive sentence finding under R.C. 2929.14(C)(4)(b) was insufficient. After a thorough review of the record and law, this court affirms appellant's sentence, reverses the trial court's judgment regarding jail-time credit, and remands the matter for further proceedings consistent with this opinion.

## I. Factual and Procedural History

**{¶2}** Appellant pled guilty in three separate criminal cases. First, in Cuyahoga C.P. No. CR-16-603235-A, appellant pled guilty on March 28, 2016, to robbery and abduction. On April 18, 2016, the trial court sentenced appellant to community control sanctions in a CBCF for a period of one year on his robbery and abduction convictions. The trial court issued a journal entry on the same day modifying the term of appellant's community control sanctions from one to five years. While appellant was on community control, he was charged in two additional criminal cases.

**{¶3}** Second, in Cuyahoga C.P. No. CR-17-614549-A, appellant pled guilty on August 10, 2017, to aggravated burglary, aggravated robbery, and felonious assault with a notice of prior conviction specification. Third, in Cuyahoga C.P. No. CR-17-615052-A, appellant pled guilty to theft on August 10, 2017.

**{¶4}** The trial court held a sentencing hearing on September 7, 2017, during which it

sentenced appellant in all three criminal cases. First, in CR-16-603235-A, the trial court found appellant in violation of community control, terminated community control, and sentenced appellant to a prison term of four years. Second, in CR-17-614549-A, the trial court sentenced appellant to a prison term of seven years. Third, in CR-17-615052-A, the trial court sentenced appellant to a prison term of nine months. The trial court ordered appellant's four-year, seven-year, and nine-month prison sentences to be served consecutively, for an aggregate prison term in all three cases of eleven years and nine months. Finally, the trial court credited appellant with 198 days of jail-time credit.

{¶5} On October 6, 2017, appellant filed the instant appeal challenging the trial court's judgment.[1] He assigns two errors for review:

> I. The trial court neglected to credit the appellant with proper jail credit for days served in jail and at the community based correctional facility in his initial case.

> II. [Appellant's] consecutive sentence was based on a misunderstood application of the consecutive sentencing law, [R.C.] 2929.14(C)(4)(b).

## II. Law and Analysis

### A. Jail-Time Credit

{¶6} In his first assignment of error, appellant argues that the trial court erred in determining the number of days of jail-time credit to which he was entitled.

{¶7} R.C. 2967.191, governing jail-time credit, provides, in relevant part, "[t]he

---

[1] Appellant failed to file a notice of appeal from the trial court's judgment in CR-16-603235-A. Ordinarily, this court would be without jurisdiction to review the trial court's judgment in CR-16-603235-A or consider arguments relating to the trial court's award of jail-time credit in that case based on appellant's failure to comply with App.R. 3. *See State v. Bandy*, 8th Dist. Cuyahoga Nos. 101785 and 101786, 2015-Ohio-1033, ¶ 25, citing *In re P.M.*, 8th Dist. Cuyahoga No. 87671, 2006-Ohio-5917, ¶ 11. However, this court granted appellant leave to file a delayed appeal pursuant to App.R. 5. On June 18, 2018, appellant filed a delayed appeal, 8th Dist. Cuyahoga No. 107334, appealing the trial court's judgment in CR-16-603235-A, and a motion to consolidate the instant appeal with the delayed appeal. This court granted appellant's motion and consolidated the two appellate cases for purposes of briefing and disposition.

department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." "The trial court must determine and document how many days of jail-time credit a defendant is owed." *State v. Armstrong*, 8th Dist. Cuyahoga No. 105943, 2017-Ohio-8070, ¶ 13, citing *State v. Clemons*, 8th Dist. Cuyahoga No. 92054, 2009-Ohio-2726, ¶ 6.

{¶8} "Confinement" is construed as time in which one is not free to come and go as he or she wishes. *State v. Napier*, 93 Ohio St.3d 646, 648, 758 N.E.2d 1127 (2001). In *Napier*, the Ohio Supreme Court held that "*all* time served in a community-based correctional facility constitutes confinement for purposes of R.C. 2967.191." (Emphasis added.) *Id*. at syllabus. *Accord State v. Mullin*, 8th Dist. Cuyahoga No. 105042, 2017-Ohio-939.

{¶9} In the instant matter, the trial court did not determine appellant's jail-time credit during the September 7, 2017 sentencing hearing. The trial court determined that appellant was entitled to 198 days of jail-time credit in its sentencing journal entries. The trial court did not specify, however, whether its determination pertained to the days that appellant served in county jail, the CBCF, or both.

{¶10} It is undisputed that appellant is entitled to jail-time credit for the time he served at the CBCF. Appellant argues that he is entitled to a total of 229 days of jail-time credit — (1) January 29, 2016 through April 21, 2016, the time he spent in jail during the pendency of CR-16-603235-A, and (2) April 21, 2016 through his release on September 13, 2016, the time he spent in jail and/or the CBCF following the trial court's April 18, 2016 sentencing hearing in CR-16-603235-A.

{¶11} Although the state concedes that appellant is entitled to jail-time credit for the time

he served at the CBCF, the state does not calculate the number of days of jail-time credit to which appellant is entitled in its appellate brief. Rather, the state contends that this case should be remanded to the trial court for a hearing in order to determine whether the time that appellant served in the CBCF constituted "confinement" for purposes of R.C. 2967.191. The state's argument is misplaced.

{¶12} In *Napier*, 93 Ohio St.3d 646, 758 N.E.2d 1127, the Ohio Supreme Court rejected the state's argument that the defendant was only entitled to jail-time credit for the time that he spent in "lockdown" at the CBCF, not the defendant's entire tenure at the CBCF. *Id*. at 648. As noted above, the court concluded that *all* time served in a CBCF constitutes "confinement" for purposes of jail-time credit and R.C. 2967.191.

{¶13} For all of the foregoing reasons, appellant's first assignment of error is sustained.

## B. Consecutive Sentences

{¶14} In his second assignment of error, appellant argues that the trial court erred in imposing consecutive sentences.

{¶15} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

{¶16} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the

seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of

the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (_) The offender's history of criminal conduct demonstrates that consecutive

> sentences are necessary to protect the public from future crime by the offender.

{¶17} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory

findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged

in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given

bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d

659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999).   Further,

the reviewing court must be able to discern that the record contains evidence to support the

findings.   *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell*

at ¶ 29.   A trial court is not, however, required to state its reasons to support its findings, nor is it

required to give a rote recitation of the statutory language, "provided that the necessary findings

can be found in the record and are incorporated in the sentencing entry."   *Bonnell* at ¶ 37.

{¶18} In the instant matter, in making the first finding, the trial court stated, "The Court

further finds that the — that consecutive sentences are necessary to protect the public from future

crime or to punish the offender[.]"   (Tr. 56.)   In making the second finding, the trial court

stated, "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."   (Tr. 56.)

{¶19} Appellant's challenge to the trial court's imposition of consecutive sentences pertains to the third finding under R.C. 2929.14(C)(4)(b).   Specifically, appellant argues that the trial court "misstated and misapplied [R.C.] 2929.14(C)(4)(b)[.]" Appellant's brief at 6.

{¶20} In making the third R.C. 2929.14(C)(4) finding, the trial court stated,

> The Court also finds that as a part of one or more courses of conduct, and the harm caused in this matter to the elderly victim here, that the offense was so great or unusual, that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflect the seriousness of the offender's conduct.

(Tr. 57.)   Appellant contends that although R.C. 2929.14(C)(4)(b) concerns multiple offenses, the trial court referenced a single offense in making this finding.   After reviewing the record, we find that appellant's argument is misplaced.

{¶21} We initially note that "a word-for-word recitation of the language of [R.C. 2929.14(C)(4)] is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld."   *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29.   A trial court is not required to give a "talismanic incantation" of the words of the statute, so long as the requisite findings can be found in the record and are incorporated into the trial court's sentencing journal entry.   *Id*. at ¶ 37.

{¶22} Assuming, arguendo, that the trial court's finding under R.C. 2929.14(C)(4)(b) was insufficient, the record reflects, and appellant concedes, that the trial court also found that consecutive sentences were necessary pursuant to R.C. 2929.14(C)(4)(a).   In making this finding, the trial court stated, "I also find that at the time of the commission of the crimes, in case

number 615052, 614549, [appellant] was on Community Control with this Court in case number 603235." (Tr. 56-57.)

{¶23} After reviewing the record, we find that the trial court did not err in imposing consecutive sentences. The record reflects that the trial court made the appropriate consecutive sentence findings, and the trial court engaged in the correct analysis required under R.C. 2929.14(C)(4). Furthermore, we cannot clearly and convincingly find that the record does not support the trial court's findings. Finally, the trial court properly incorporated its findings into its sentencing journal entries as required. *Bonnell* at syllabus.

{¶24} For all of the foregoing reasons, appellant's second assignment of error is overruled.

### III. Conclusion

{¶25} After thoroughly reviewing the record, we find that the trial court erred by failing to award appellant jail-time credit for the time he spent in the CBCF. The trial court's judgment awarding appellant 198 days of jail-time credit is reversed, and the matter is remanded to the trial court to grant appellant jail-time credit for the time he spent in jail and in the CBCF.

{¶26} The trial court did not err in imposing consecutive sentences. Accordingly, appellant's 11-year and 9-month prison sentence is affirmed.

{¶27} Judgment affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

SEAN C. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR