[Cite as *State v. Clardy*, 2019-Ohio-536.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 107064

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DEMETRIUS CLARDY**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-603394-A, CR-17-622275-C, and CR-17-622680-A

**BEFORE:** Headen, J., S. Gallagher, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 14, 2019

**ATTORNEY FOR APPELLANT**

Brian R. McGraw
55 Public Square, Suite 2100
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Nathaniel Tosi
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

RAYMOND C. HEADEN, J.:

{¶1} Defendant-appellant Demetrius Clardy ("Clardy") appeals from his sentence following a guilty plea. For the reasons that follow, we affirm.

**Procedural and Factual History**

{¶2} Clardy appeals after being sentenced to 14 years in prison following a guilty plea that resolved four separate cases. On February 12, 2018, Clardy pleaded guilty to one count of criminal trespass in Cuyahoga C.P. No. CR-17-614822-A; two counts of robbery (one of which carried a three-year firearm specification), two counts of attempted kidnapping, and one count of having weapons while under disability in Cuyahoga C.P. No. CR-17-622275-C; and one count of robbery with a three-year firearm specification, one count of attempted kidnapping, and one count of having weapons while under disability in Cuyahoga C.P. No. CR-17-622680-A. He also pleaded guilty to a community control violation in Cuyahoga C.P. No. CR-16-603394-A.

{¶3} The trial court held a sentencing hearing on March 13, 2018. The court heard from the prosecutor, defense counsel, and Clardy.

**{¶4}** For the criminal trespass in case CR-17-614822-A, Clardy was sentenced to time served. For the community control violation in case CR-16-603394-A, the court sentenced Clardy to one year in prison. In case CR-17-622275-C, the state and Clardy agreed that the attempted kidnapping counts merged with the robbery counts for sentencing, and the state elected to proceed under the robbery counts. The court sentenced Clardy to a total of seven years in case CR-17-622275-C as follows: three years for the firearm specification, to run consecutively to four years on the robbery counts, and two years on the having weapons while under disability count, to be served concurrently. In case CR-17-622680-A, the court sentenced Clardy to three years on the firearm specification, to be served consecutively to three years on the underlying robbery count and concurrently to two years on the having weapons while under disability count, for a total of six years. The court ordered that the sentences for all of the cases would be served consecutively, for an aggregate sentence of 14 years.

**{¶5}** Clardy appeals from this sentence, presenting one assignment of error for our review.

**Law and Analysis**

**{¶6}** In his sole assignment of error, Clardy argues that the trial court failed to properly justify its imposition of consecutive sentences under R.C. 2929.14(C)(4)(b).

**{¶7}** Pursuant to R.C. 2953.08, a reviewing court may overturn the imposition of consecutive sentences where it clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4), or the sentence is otherwise contrary to law.

**{¶8}** R.C. 2929.14(C)(4) requires a sentencing court to make certain findings before imposing consecutive sentences. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). The court must also find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Finally, the court must find any one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). Beyond making these findings on the record, the court must also incorporate those findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 1.

> **{¶9}** In the instant case, the court articulated its consecutive sentence findings as follows:

> [T]his court finds that consecutive sentences [are] necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender posed to the public. And the court further finds that while the defendant committed the crimes in case numbers 622275, 622680, and 614822, the defendant was on community control with this court in case number 603394.

And furthermore, the court has reviewed the defendant's criminal record and also finds that the history of his criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

The court subsequently included these findings in its sentencing journal entry.

{¶10} Clardy asserts that the trial court did not engage in any actual analysis regarding consecutive sentences. We note that sentencing courts are not required to provide reasons supporting their consecutive sentence findings. *Bonnell* at ¶ 37. Consecutive sentences should be upheld "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings." *State v. Henderson*, 8th Dist. Cuyahoga Nos. 106340 and 107334, 2018-Ohio-3168, ¶ 21. Beyond its recitation of the language in R.C. 2929.14 indicated above, the court also noted that it had considered Clardy's extensive criminal history, his ongoing drug addiction, and the nature of the criminal conduct at issue in the underlying cases, including the fact that one of his crimes impacted multiple victims. This is sufficient for us to conclude that the trial court engaged in the appropriate analysis and the consecutive sentence findings are supported by evidence in the record. Therefore, this assignment of error is overruled.

{¶11} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR